**In re Dominic T. D'MELLO, Debtor.**

No. 11–50507.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 27, 2011.

Janet Swistak, Farmington Hills, MI, for Debtor.

---

Wendy Turner Lewis, Detroit, MI, Trustee.

**OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, THE CHARTER TOWNSHIP OF YPSILANTI'S MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY DOES NOT APPLY, ETC. (DOCKET # 14)**

THOMAS J. TUCKER, Bankruptcy Judge.

## I. Introduction and background

This case is before the Court on the motion filed by The Charter Township of Ypsilanti ("Ypsilanti Township" or the "Township"), entitled "CHARTER TOWNSHIP OF YPSILANTI'S EX PARTE MOTION FOR DETERMINATION THE AUTOMATIC STAY PROVISION OF 11 USC § 362(a) DOES NOT APPLY TO WASHTENAW CIRCUIT COURT CASE *CHARTER TOWNSHIP OF YPSILANTI v. CORMELLO, LLC, et al.*, CASE NO. 08–990–CZ AND DEBTOR DOMINIC D'MELLO AND TO WAIVE NOTICE PROVISIONS OF F. BANKRUPTCY RULE 4001(a)(3)" (Docket # 14, the "Motion"). The Debtor objected to the Motion, and the Court held a hearing on May 25, 2011. At the conclusion of the hearing, the Court directed Ypsilanti Township to file certain documents no later than that day, and took the Motion under advisement. The Township filed the required items, on May 25, 2011 (Docket # 27). The Motion is now ready for decision.

During the hearing, in response to questions from the Court, the Township clarified and narrowed the relief it is seeking with its Motion. As stated during the hearing, the Township is now seeking an order determining that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply, because of the exception to the automatic stay contained in 11 U.S.C. § 362(b)(4), to efforts by Ypsilanti Township and the Washtenaw County Circuit Court to enforce some, but not all, of the provisions of that court's January 12, 2011 order entered in Case No. 08–990–CZ, *Charter Township of Ypsilanti v. Cormello, LLC, et al.* The Circuit Court's January 12, 2011 order is a mandatory injunction requiring the Debtor in this bankruptcy case, Dominic D'Mello, and the debtor in another case pending before this Court, Cormello, LLC,[1] to perform certain actions at the property located at 953 E. Michigan Avenue, previously known as the Ypsilanti Mobile Village (the "Property"). After finding that the Property "does constitute a serious public nuisance," the Circuit Court ordered that the nuisance "be abated as follows:"

1. Defendant Cormello LLC and Defendant Dominic D'Mello shall remove, within 30 days, all of the abandoned and condemned mobile homes units currently located at 953 E. Michigan Ave.

2. Defendant Cormello LLC and Defendant Dominic D'Mello shall remove, within 30 days, the three abandoned and condemned buildings/structures and sheds currently located at 953 E. Michigan Ave.

3. Defendant Cormello LLC and Defendant Dominic D'Mello shall remove, within 30 days, all mail boxes, signs, dish satellites, street lampposts, and landscape edging currently located at 953 E. Michigan Ave.

4. Defendant Cormello LLC and Defendant Dominic D'Mello shall remove, within 30 days, all blight, garbage, rub-

---

1. Cormello, LLC is the debtor in a Chapter 7 case pending before this Court, Case No. 10– 77459, which also is assigned to the undersigned judge.

bish, tires, furniture, appliances, toys, etc., currently located at 953 E. Michigan Ave.

5. Defendant Cormello LLC and Defendant Dominic D'Mello shall remove, within 60 days, all abandoned tie downs from former mobile homes, all concrete pads, and all utility infrastructure located above ground, and to remove or cap all sewer lines, currently located at 953 E. Michigan Ave.[2]

In the next paragraph of the January 12 order, the Circuit Court took under advisement the Township's request that the Defendants be required to take certain other actions at the Property:

C. In regards to the relief sought by Plaintiff Township for (i) removal of all roadways, (ii) restoration of the grade of the property to fill in all of the gullies created by erosion and utility crocks, and (iii) removal of soil contaminated by sewage backup and treatment with lime followed by placement of new soil to match existing grade, those items are taken under advisement.[3]

During the May 25 hearing in this Court, the parties advised that the Circuit Court has not yet made a ruling on the above matters taken under advisement.

On March 9, 2011, the Circuit Court entered an order finding Dominic D'Mello in contempt of its January 12 order, and ordered that D'Mello may purge himself of the contempt finding if he complied with the January 12 order no later than April 2, 2011. That same order scheduled a hearing for April 13, 2011 to review whether D'Mello had purged himself of the court's contempt finding.[4] The March 9 order further provided that if D'Mello "does not

purge himself" of the Court's contempt finding by the deadline, D'Mello "shall be remanded into the custody of the Washtenaw County Jail until such time as the terms of the January 12, 2011 order are complied with." [5]

The Circuit Court held the contempt purge hearing on the afternoon of April 13, 2011. Essentially, the Circuit Court did not take further action at that hearing, because Dominic D'Mello had filed the present Chapter 7 bankruptcy case, that morning. Instead, the Circuit Court stated that the Township "needs to go back to the Bankruptcy Court for further instruction" regarding the automatic stay.[6] The Township then filed the present Motion, on April 29, 2011.

## II. Jurisdiction

This Court has subject matter jurisdiction over this case and this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(G) and 157(b)(2)(O).

## III. Discussion

### A. The Township's basic position and relief now sought

As noted earlier, during the hearing on the Motion, the Township narrowed and clarified the relief it is seeking in its Motion. This opinion and order will address only the Township's relief request as so narrowed. The Court deems the Township to have abandoned any other request for relief contained in the Motion.

---

**2.** Motion Ex. 5–D (Docket # 14) at 2–3.

**3.** *Id.* at 3.

**4.** Motion Ex. 5–E (Docket # 14).

**5.** *Id.* at 3.

**6.** Motion Ex. 5–G (Transcript of April 13, 2011 Circuit Court hearing) at 16–17.

The Township seeks an order determining that the automatic stay does not apply to the enforcement of some of the actions required of Mr. D'Mello by the Circuit Court's January 12 order. The Township seeks such relief to permit enforcement of the January 12 order against D'Mello *only* with respect to things that D'Mello can personally, physically do without spending any money to rent or buy equipment or to hire someone else to help do the work. The Township contends that to this extent, the automatic stay does not apply to the enforcement of the January 12 order. By contrast, the Township does *not* make such contention with respect to any actions required by the January 12 order the D'Mello *cannot* personally, physically do without spending any money.

## B. The Court's rulings

 The Court agrees with the Township's legal contention, as far as it goes. That is, the Court concludes that the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to preclude enforcement against D'Mello, through incarceration for contempt if necessary, but not through enforcement of any money judgment, of D'Mello's obligation to perform any of the actions required by the January 12 order that D'Mello can personally, physically do without spending any money to rent or buy equipment or to hire someone else to help do the work. To this extent, the "police and regulatory power" exception to the automatic stay, contained in 11 U.S.C. § 362(b)(4), applies to make inapplicable all of the automatic stay provisions of § 362(a) that might otherwise apply, namely subparts (1), (2), (3), and (6) of § 362(a). Section 362(b)(4) states, in pertinent part, that:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;

11 U.S.C. § 362(b)(4). The Township's actions in obtaining and trying to enforce the January 12 order against D'Mello clearly are an exercise of the Township's "police and regulatory power" within the meaning of § 362(b)(4). This exception to the automatic stay clearly applies to enforcement of the January 12 order against D'Mello, through contempt proceedings which may include incarceration, to the extent that the actions the Township seeks to compel do not require D'Mello to spend or pay money to accomplish the actions. *See generally Javens v. City of Hazel Park (In re Javens)*, 107 F.3d 359, 363, 365–67 (6th Cir.1997) (discussing and applying former §§ 362(b)(4) and (5), later amended and combined into present § 362(b)(4)).

It is important to note that the Court does not need to discuss or decide whether the § 362(b)(4) exception to the automatic stay would apply to enforcement of the January 12 order, regarding actions that *would* require D'Mello to spend money. Debtor argues, with some case law support, that the answer to this question is "no." Because of the way the Township narrowed and clarified its request for relief at the May 25 hearing, that question is not presented at this point. So the Court expresses no view on it.

D'Mello argues that the January 12 order, to the extent it applies to him personally, rather than just to Cormello, LLC, is contrary to Michigan law because, among other reasons, the order fails to properly respect the legal distinction between a limited liability corporation and its individual members. D'Mello also argues that the January 12 order is a violation of his due process rights. These arguments are not relevant here, however, because they have no bearing on the issue before this Court—namely, the extent to which the automatic stay and its "police and regulatory power" exception apply to efforts by the Township to enforce the January 12 order. The state court system—*i.e.*, the Circuit Court and the appellate courts of Michigan—is the proper forum in which D'Mello can and should make any argument that the January 12 order is contrary to Michigan law or a violation of his due process rights.

■ Similarly, the Court must reject D'Mello's argument that the Township is seeking to exercise its police and regulatory power in bad faith. Good faith is presumed in this context, and that presumption can be overcome only by a particularized showing of extreme circumstances not remotely approached by D'Mello's allegations and arguments here. *See Javens*, 107 F.3d at 366–67 and 366 n. 7.

### C. The specifics

The Township contends that certain of the following specific actions required of D'Mello, included in the January 12 order, meet the standard described above for the "police and regulatory power" exception to the automatic stay. That is, the Township contends that D'Mello can personally, physically do certain of the following things, without spending any money to rent or buy equipment or to hire someone else to do the work:

- remove "all mail boxes, signs, dish satellites, street lampposts, and landscape edging currently located at 953 E. Michigan Ave."
- remove "all blight, garbage, rubbish, tires, furniture, appliances, toys, etc., currently located at 953 E. Michigan Ave."

As for the requirement to remove "all mail boxes, signs, dish satellites, street lampposts, and landscape edging" from the Property, the Township concedes that D'Mello cannot remove street lampposts without spending money. To the extent all of the other items have not been removed, however, the Township argues that D'Mello can remove them without spending money. Based on the undisputed facts and photographs presented, the Court agrees with the Township; it is clearly correct about this.

As for the requirement to remove "all blight, garbage, rubbish, tires, furniture, appliances, toys, etc.," from the Property, the Township concedes that all furniture and appliances have already been removed. The Township contends that to the extent "blight, garbage, rubbish, tires [or] toys" remain, D'Mello can remove them without spending any money. Based on the undisputed facts and photographs presented, the Court agrees with the Township; it is clearly correct about this.

The next question concerns the requirement in the January 12 order that D'Mello:

- remove "all abandoned tie downs from former mobile homes, all concrete pads, and all utility infrastructure located above ground, and to remove or cap all sewer lines, currently located at 953 E. Michigan Ave."

The Township concedes that the sewer lines have been capped, so that is no long-

er an issue. The Township contends that D'Mello can personally remove the tie downs that are not anchored in concrete pads, and can remove at least some of the concrete pads, and at least some of the utility infrastructure, all without spending money. The Court disagrees, and finds to the contrary, with respect to each of these items, based on the undisputed facts and photographs presented.

According to the Township, all other actions that were ordered by the January 12 order either have been done, or cannot be done by D'Mello personally without his spending money. So the Township no longer seeks any stay-related relief regarding those actions.

## IV. Conclusion and order

For the reasons stated above, then, the Court concludes that the Township is entitled to the relief ordered below, and only the relief ordered below, in connection with its Motion, as that Motion was clarified and narrowed at the May 25, 2011 hearing. Accordingly,

IT IS ORDERED that the Motion (Docket # 14) is granted to the extent of the relief provided by this Order below, and otherwise is denied.

IT IS FURTHER ORDERED that under 11 U.S.C. § 362(b)(4), the automatic stay provisions of 11 U.S.C. § 362(a) do not apply to preclude The Charter Township of Ypsilanti, or the Washtenaw County Circuit Court, from enforcing the Circuit Court's January 12, 2011 order against the Debtor, Dominic D'Mello, through contempt proceedings including incarceration if necessary, but not through enforcement or collection of a money judgment, to the extent, and only to the extent, of requiring D'Mello to perform the following actions:

- remove all mail boxes, signs, dish satellites, and landscape edging currently located at 953 E. Michigan Ave.

- remove all blight, garbage, rubbish, tires, and toys currently located at 953 E. Michigan Ave.